# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **M.M.L. a minor, by and through her mother and next friend, ALLISON KELLEY,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **Case No.: 2:09-CV-1577-VEH** |
| **MICHAEL J. ASTRUE, Commissioner of Social Security,** ) ) ) ) | |
| **Defendant.** ) | |

## **MEMORANDUM OPINION**[1]

This action was originally filed by Allison Kelley ("Ms. Kelley") on behalf of her minor daughter, M.M.L.,[2] pursuant to Title XVI of the Social Security Act. M.M.L. seeks review of a final adverse decision of the Commissioner of the Social

---

[1] In deciding the merits of this appeal, the court adopts, in part, the format that it used in two other childhood disability cases, *Adams v. Barnhart*, No. 2:06-CV-2031-VEH, (Doc. 11) (N.D. Ala. July 13, 2007) and *R.S.L. v. Astrue*, No. 2:09-CV-701-VEH (Doc. 11) (N.D. Ala. Mar. 26, 2010). The court also relies upon, as persuasive, the framework, analysis, and disposition in the adult disability decision of *Shelton v. Astrue*, No. 5:09-CV-1253-VEH, (Docs. 8, 9) (N.D. Ala. Apr. 26, 2010) as well as the childhood disability decision of *Brannon v. Astrue*, No. 2:09-CV-1670-VEH, (Docs. 12, 13) (N.D. Ala. July 20, 2010).

[2] For purposes of this opinion, the plaintiff will be referred to as "M.M.L." rather than her mother, Ms. Kelley, because the legal standards apply to her and her impairments. *See Stanton v. Astrue*, 482 F. Supp. 2d 1318, 1320 (N.D. Ala. 2007).

Security Administration ("Commissioner" or "Secretary"), which denied her application for childhood Supplemental Security Income ("SSI") benefits.[3] The case is ripe for review pursuant to 42 U.S.C. § 405(g), of the Social Security Act.[4] For the reasons set out below, the court concludes that the Commissioner's decision is due to be reversed and remanded.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390, 41, 91 S. Ct. 1420, 1421, 1432, 28 L. Ed. 2d 842 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court

---

[3] In general, the legal standards applied are the same regardless of whether a claimant seeks SSI or Disability Insurance Benefits ("DIB"). However, separate, parallel statutes and regulations exist for SSI and DIB claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

[4] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

will determine that the administrative law judge's ("ALJ") opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d at 1239.

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish her entitlement for a period of disability, an individual under age 18 must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[5] The law defines children's "disability" as "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period or not less than 12 months." 20 C.F.R. § 416.906; 42 U.S.C. § 1382c(a)(3)(C)(I).

In determining whether a child (*i.e.*, an individual under age 18) is disabled, the Regulations provide a three-step sequential process. 20 C.F.R. § 416.924(a).

> First, the ALJ must determine whether the child is engaged in substantial gainful activity. *Wilson*, 179 F.3d at 1277 n.1. If yes, the child is not disabled, but if no, the ALJ determines whether the claimant has a severe impairment. *Id.* If not, the child is not disabled. *Id.* If yes,

---

[5] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499 as current through March 12, 2010.

> the ALJ then considers whether the child has an impairment that meets, medically equals, or functionally equals the Listings of Impairments. *Id.* If the child satisfies a Listing, the child is conclusively disabled.

20 C.F.R. § 416.924(a); *see also Henry v. Barnhart,* 156 Fed. Appx. 171, 173 (11th Cir. 2005) (citing 20 C.F.R. § 416.924(a); *Wilson v. Apfel*, 179 F.3d 1276, 1277 n.1 (11th Cir. 1999)).

A medically determinable impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.908. It must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not merely by a claimant's statement of symptoms. *Id*.

Functional equivalence is found if the child's impairment - or combination of impairments - "result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain[.]" 20 C.F.R. § 416.926a (emphasis added). "A 'marked' limitation is defined as a limitation that 'interferes seriously with [the] ability to independently initiate, sustain, or complete activities,' and is 'more than moderate.'" *Henry*, 156 Fed. Appx. at 174 (citing 20 C.F.R. § 416.926a(e)(2)(I)). "An 'extreme' limitation is reserved for the 'worst limitations' and is defined as a limitation that 'interferes very seriously with [the] ability to independently initiate, sustain, or complete activities,' but 'does not necessarily mean a total lack or loss of

ability to function.'" *Henry*, 156 Fed. Appx. at 174 (citing 20 C.F.R. § 416.926a(e)(3)(I)).

In order to determine whether a minor claimant's status functionally equals the criteria for an impairment that is listed in the Regulations, the ALJ must consider "activities in terms of six domains." 20 C.F.R. § 416.926a(b)(1). These domains are:

(i)   Acquiring and using information;

(ii)  Attending and completing tasks;

(iii) Interacting and relating with others;

(iv)  Moving about and manipulating objects;

(v)   Caring for yourself; and,

(vi)  Health and physical well-being.

20 C.F.R. § 416.926(a)(b)(1)(i)-(vi). If the impairment(s) does not satisfy the duration requirements, or does not meet, medically equal, or functionally equal one of the listings in the Regulations, a finding of not disabled will be reached and the claim will be denied. *See* 20 C.F.R. § 416.924(d)(2).

## **FACTUAL AND PROCEDURAL HISTORY**

M.M.L. was five years old when her mother filed her disability application and eight years old at the time the ALJ issued his decision. (Tr. 87, 76, 25). During her administrative hearing, M.M.L. testified that she was seven and in the first grade.

5

(Tr. 31).

M.M.L.'s mother filed an application for childhood SSI on April 19, 2005. (Tr. 76). In this application, Ms. Kelley claims that M.M.L. became disabled on April 1, 2005, due to osteomyelitis[6] of the right femur, asthma, bronchitis, and seizures. (Tr. 76, 80). The claim was initially denied by the Commissioner on June 24, 2005. (Tr. 53-57).

M.M.L. filed a timely request for a hearing before the ALJ on July 12, 2005. (Tr. 58). After conducting the hearing held on April 10, 2007 (Tr. 26), the ALJ concluded, on April 16, 2008, that M.M.L. was not disabled and denied her application for benefits. (Tr. 15-25). The Appeals Council subsequently denied M.M.L.'s request for review of the ALJ's decision on June 9, 2009. (Tr. 1-3).

M.M.L. filed a complaint on August 6, 2009, which asks this court to review the ALJ's decision. (Doc. 1). The court has carefully considered the record and reverses the decision of the ALJ.

### **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

Under step one of the three-part test for disability in children, the ALJ found

---

[6] Merriam-Webster online defines "osteomyelitis" as "an infectious usually painful inflammatory disease of bone that is often of bacterial origin and may result in death of bone tissue[.]" Http://www.merriam-webster.com/medical/osteomyelitis (accessed on July 21, 2010).

6

that M.M.L. "ha[d] not engaged in any substantial gainful activity at any time relevant to th[e] decision[.]" (Tr. 18 ¶ 2 (citations omitted)). Accordingly, the ALJ proceeded to step two of the analysis.

Under step two, the ALJ found that M.M.L. had the following "severe combination of impairments: asthma and allergic rhinitis."[7] (Tr. 15 ¶ 3 (citations omitted)). Regarding these conditions, the ALJ expressly concluded that:

> The medical evidence of record documents the existence of, and medical treatment for, the abovementioned impairments. These impairments result in more than minimal limitations. As such, the undersigned finds these impairments severe.

(Tr. 18 ¶ 3). M.M.L. challenges this stage of the ALJ's determination on appeal, including in particular his "dismiss[al] [of] Plaintiff's hip/leg pain[.]" (Doc. 11 at 4).

The ALJ then evaluated M.M.L. pursuant to step three. Under this third section, the ALJ must analyze (1) whether M.M.L.'s impairments meet, medically equal, or functionally equal any of the listed impairments and, if so, (2) whether the

---

[7] Merriam-Webster online defines "allergic rhinitis" as "rhinitis caused by exposure to an allergen" and lists hayfever as a specific example. *See* http://www.merriam-webster.com/medical/allergic%20rhinitis (accessed on July 21, 2010). Relatedly, "rhinitis" is defined as "inflammation of the mucous membrane of the nose marked especially by rhinorrhea, nasal congestion and itching, and sneezing[.]" *See* http://www.merriam-webster.com/medical/rhinitis (accessed on July 21, 2010). "Rhinorrhea" is "excessive mucous secretion from the nose[.]" http://www.merriam-webster.com/medical/rhinorrhea (accessed on July 21, 2010).

impairments meet the duration requirement.  20 C.F.R. § 416.924(c).

Here, the ALJ first determined that M.M.L. "d[id] not have an impairment or combination of impairments that me[t] or medically equal[ed] one of the listed impairments[.]"  (Tr. 18 ¶ 4 (citations omitted)).  Second, the ALJ also found that M.M.L."d[id] not have an impairment or combination of impairments that functionally equal[ed] the listings[.]" (Tr. 18 ¶ 5 (citations omitted)).  Based on these findings relating to the third step, the ALJ concluded that M.M.L. had not been a disabled child since April 18, 2005, the date on which her application was filed.  (Tr. 25).

## ANALYSIS

This court is limited in its review of the Commissioner's decision in that the Commissioner's findings of fact must be reviewed with deference.  *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1574-75 (11th Cir. 1986)).  In contrast to factual findings, however, the Commissioner's conclusions of law are subject to an "exacting examination" or *de novo* review.  *See Martin*, 894 F.2d at 1529 (citing *Graham*, 790 F.2d at 1574-75); *Martin*, 894 F.2d at 1529 ("The Secretary's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal.") (citations omitted).  In

particular, this court has a "responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *See Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (emphasis added) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[8]

M.M.L. challenges the Commissioner's denial of her disability claim on many different fronts, including the failure to use proper legal standards, to appropriately evaluate M.M.L. under the listing applicable to asthma, *i.e.* Listing 103.03, to sufficiently develop the record, and to consider newly submitted evidence to the Appeals Council. (*See generally* Doc. 11). The court turns first to an evaluation of the ALJ's conclusions drawn with respect to M.M.L.'s domain functionality and his concomitant duty to adequately develop the record, and because it finds reversible error was committed there, it does not reach the other issues presented on appeal.

**I.    In the absence of a supporting functional domain assessment of M.M.L. by a physician that includes her severe impairments of asthma and allergic rhinitis, the record has not been adequately developed, and the ALJ's determination that M.M.L. was not disabled is not supported by substantial evidence.**

In support of his decision, the ALJ expressly relies upon a paper evaluation of M.M.L. generated at the state agency level:

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> Non-examining doctors from the State agency indicated <u>the claimant had no limitations in all domains of functioning, except for health and well-being, where less than marked limitations were found</u> (Exhibit 3F). These opinions have been considered and weighed, in accordance with the provisions of 20 CFR 404.1527(f) and Social Security Ruling 96-6p. Following the guidelines set out in the regulations and rulings, the weight of the medical evidence of record demonstrated <u>that the claimant has severe impairments consistent with state agency findings</u>. Thus, <u>the aforementioned opinions are supported by the weight of the evidence of record</u>.

(Tr. 19-20 (emphasis added)). Therefore, the ALJ premises his functional conclusions reached about M.M.L. upon Exhibit 3F (Tr. 174-79), the Childhood Disability Evaluation Form (the "Form") completed by Dr. Richard Whitney, on June 23, 2010, after reviewing her medical records. (Tr. 175).

The court has studied Exhibit 3F. The ALJ is correct that Dr. Whitney provided a non-examining opinion that M.M.L.'s "IMPAIRMENT OR COMBINATION OF IMPAIRMENTS IS SEVERE, BUT DOES NOT MEET, MEDICALLY EQUAL, OR FUNCTIONALLY EQUAL THE LISTINGS." (Tr. 174). However, in providing this assessment, Dr. Whitney listed in the "IMPAIRMENTS" section <u>only one condition</u>, *i.e.*, asthma, even though the ALJ determined that M.M.L. suffered from an additional impairment of allergic rhinitis. (*Compare* Tr. 174 *with* Tr. 15 ¶ 3 (citations omitted)).

Moreover, nowhere else on this Form does the court see where Dr. Whitney

ever factored in the impact of allergic rhinitis on M.M.L.'s functionality. Additionally, there is no other functional assessment of M.M.L. contained in the record prepared by a doctor, much less one that reflects a consideration of both asthma and allergic rhinitis as severe impairments. Consequently, the ALJ's statement in his decision that "the claimant has severe impairments consistent with state agency findings" is <u>not</u> supported by the underlying evidence either expressly cited to by the ALJ or otherwise included in the record, and the ALJ's opinion is legally flawed.

Furthermore, under such circumstances, the case is due to be remanded because the record has not been adequately developed, and the ALJ's disability determination is not supported by substantial evidence. *Cf. Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass. 1998) ("The ALJ failed to refer to-and this Court has not found-a proper, medically determined RFC in the record.");[9] *id.* ("An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.") (emphasis added) (citation omitted); *see also*

---

[9] While the issue in *Rohrberg* (and similar cases) is the lack of a supporting residual functional assessment performed by an examining or treating doctor on an adult claimant, such reasoning persuasively and equally applies to the absence of a supporting functional domain evaluation by a physician as to a child claimant.

*Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996) ("With a few exceptions (not relevant here), <u>an ALJ, as a lay person, is not qualified to interpret raw data in a medical record</u>.") (emphasis added) (citations omitted).

For the reasons explained above, the functional assessment performed by Dr. Whitney cannot corroborate the ALJ's disability determination because it completely lacks consideration of one of M.M.L's severe impairments.  Moreover, a lay person, such as an ALJ, is not able to discern M.M.L.'s functional abilities within the six delineated domains based upon his review of the unfiltered information contained in her medical records.  As the undersigned has previously recognized in another disability opinion that similarly resulted in a remand for further development of the claimant's functional abilities:

> The Eleventh Circuit has held that the absence of a physician's opinion regarding a plaintiff's functional limitations does not morph into an opinion that the plaintiff can work. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).  "Such silence is equally susceptible to either inference, therefore, no inference should be taken." *Id.*

*Clemmons v. Barnhart*, No. 3:06-CV-1058-VEH, (Doc. 22 at 11) (N.D. Ala. June 11, 2007).

Therefore, in the absence of a functional assessment conducted on M.M.L. by a physician that substantiates her domain abilities <u>in light of her combination of</u>

<u>severe impairments</u> that the ALJ has determined do significantly affect her, *i.e.* asthma and allergic rhinitis, the record has not been adequately developed. *See, e.g., Cowart v. Schweiker*, 662 F.2d 731, 732 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)); *see also Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997) ("The record's virtual absence of medical evidence pertinent to the issue of plaintiff's RFC reflects the Commissioner's failure to develop the record, despite his obligation to develop a complete medical history.") (citations omitted).

Relatedly, the ALJ's determination that M.M.L. is not disabled is not supported by substantial evidence. Accordingly, the decision of the Commissioner is due to be reversed, and the case remanded for further proceedings consistent with this memorandum opinion.

## **CONCLUSION**

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence. Accordingly, the decision of the Commissioner will be remanded by separate order.

**DONE** and **ORDERED** this the 1st day of September, 2010.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

14